[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Antoine Wragg, petitioner, was convicted by a jury of Burglary in the Second Degree and Conspiracy to Commit Burglary in the Second Degree (violations of § 53a-102 and § 53a-48, each violation provides for a 10-year maximum period of incarceration), and Larceny in the Second Degree and Conspiracy to Commit Larceny in the Second Degree (violations of § 53a-123 (a)(2) and 53a-43, each violation provides for a 10-year maximum period of incarceration).
The sentencing court imposed a net effective sentence of 25 years, execution suspended after serving 17 years incarceration, to be followed by 5 years of probation. It is this sentence petitioner seeks to have reviewed.
The record reflects that the petitioner and a colleague burglarized a home and went undetected. The petitioner was later stopped for a motor vehicle infraction and subsequent investigation led to the arrest of the petitioner and his accomplice for the residential burglary.
At the hearing before the Division counsel for petitioner indicated that petitioner was 27 years of age at the time of the incident. Counsel further indicated that the co-defendant did plead guilty to like charges and received a suspended sentence with two years of probation. Counsel stressed that the petitioner's record reveals "property crimes" and in the instant matter counsel offered the following mitigants relevant to the burglary: no one was home, no weapons (were utilized), all items taken were returned and the petitioner cooperated with police.
The State's Attorney countered that the sentencing court focused on the petitioner's lack of remorse. CT Page 2840
It is always difficult to compare the sentence of one defendant with that of another in order to ascertain a disparate or disproportionate sentence. In the instant matter counsel for petitioner gave us too few facts of petitioner's accomplice for the Division to venture into any type of comparison.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentence except in accordance with the provisions of Connecticut Practice Book § 43-28
et seq., and Connecticut General Statute § 51-194 et seq.
At sentencing, the court commented upon the "extensive criminal history" of the petitioner and his violation of probation. It is noteworthy that the court noted three prior burglary convictions. The court commented: "Leniency has failed to rehabilitate or deter and now he will reap the consequences of (his) continuous crime spree." The sentence imposed is neither inappropriate nor disproportionate.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence is AFFIRMED.
 Miano, J. Holden, J. Ianotti, J.
Miano, J., Holden, J., and Ianotti, J. participated in this decision. CT Page 2841